## Stivers v. Louisville Times Co.

(Decided Feb. 22, 1935.)

CHARLES N. HOBSON, A. D. HALL and ROY W. HOUSE for appellant.

PETER, TABB, HEYBURN· & MARSHALL, HIRAM H. OWENS and MURRAY BROWN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is the second time that this case has been before this court. The essential facts are set out in our previous opinion. Louisville Times v. Stivers, 252 Ky. 843, 68 S. W. (2d) 411. Without going into the numerous questions presented when the case was here before, we held that the lower court should have sustained a demurrer to the petition on the ground that the plaintiff, F. P. Stivers, had not shown himself entitled to maintain the action for an alleged libel of the "Stivers Clan."

In an attempt to meet the views expressed by us, upon the return of the case to the circuit court, the plaintiff filed an amended petition in the clerk's office, in which he undertook to set out the genealogy of the Stivers family in Clay county from a time before the Civil War up to the present. He points out that on the date of the alleged libel there were only five adult male persons bearing the name of Stivers in that county.

The defendant, Louisville Times, moved to strike this amended petition, and the court sustained the motion. Plaintiff declined to plead further, and the case is before us again, presenting simply the one question of whether or not the court erred in striking this amended petition.

We think that the lower court was correct in its ruling.

The article complained of shows on its face that persons other than those bearing the name of Stivers were intended to be included in the "Stivers Clan."

In the article· complained of, only a portion of which was quoted in our previous opinion, it is said:

"Baker won one victory in his fight to stay out of Kentucky. He succeeded in having Governor Ruby Laffoon of the Blue Grass State designate a new

agent to return him. Noel Jones of Manchester will take him back instead of R. R. White whom it was charged was *a member of the Stivers Clan."*

Obviously, persons other than those bearing the name of Stivers were embraced in the "clan." It thus becomes apparent that plaintiff has not improved his position by the amended petition.

The judgment is affirmed.